VINCENTY, PLAINTIFF AND APPELLEE, *v.* DÁMIÁN ET AL., DEFENDANTS AND APPELLANTS.

APPEAL from the District Court of Mayagüez in an Action of Denial of Servitude.

No. 3225.—Decided August 1, 1924.

SERVITUDE—DENIAL OF SERVITUDE—AGREEMENT.—An action of denial of servitude does not lie when the parties have entered into a contract whereby the owner of the dominant tenement agreed to pay to the owner of the servient tenement two-thirds of the cost of the work necessary to be done for preventing trespass. The proper action in such a case is for performance of contract.

The facts are stated in the opinion.

*Mr. P. Fajardo Martínez* for the appellants.

*Mr. J. Sabater* for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

Juan Vincenty Ramos, the owner of a house and lot situated on Hostos Avenue of the city of Mayagüez, brought an action against the defendants, alleging that without any right or title they had erected on an adjoining lot a house whose roof extended beyond the boundary line of the lot and shed the rain water on the house and lot of the plaintiff. He prayed for judgment to the effect that his property was free from any servitude and that the defendants should reduce the roof of their house so that the water would fall on their own ground.

In answering the complaint the defendants pleaded the existence of a contract by which they agreed to pay to the plaintiff a sum of money equal to two-thirds of what it would cost to remodel the roof of the house in conformity with the boundary line of the lot, in consideration of which the plaintiff agreed that the roof might remain as it was, and prayed for judgment requiring the plaintiff to live up to the contract.

The case was brought to trial. Both parties examined their evidence and finally the court rendered judgment for the plaintiff. The defendants appealed and assign in their brief three errors, of which it is necessary to consider only the one that refers to the existence of the contract.

There is no doubt that the roof of the defendants' house is improperly constructed. Nor is there any doubt of the right of the plaintiff to the protection of the courts for the abatement of the invasion of his property, considering the fact itself.

Under these circumstances it is only necessary to inquire and decide whether or not the controversy was settled by

the parties themselves before the action was brought in a manner inconsistent with the allegations of the complaint, for if the plaintiff entered into a valid contract with the defendants, he can not repudiate it and sue for the recognition of his right as if such contract did not exist.

In our opinion, the contract was sufficiently proved. When the plaintiff became aware of the fact he objected to its continuation and finally, by his attorney, wrote the defendants a letter which reads as follows:

"Mayagüez, P. R., August 24, 1922.
"Mr. José A. Domínguez, Mayagüez, P. R.
"Dear Sir:

"After several conferences with Juan Vincenty he has decided that you should remove the projecting part of the roof of your house which is beyond the boundary line and extends over his property; and that he would permit the roof to remain as it is only if you pay him a sum equal to two-thirds of what it would cost to remodel the roof in conformity with the boundary line of the lot.

"Such are the instructions that I have received.

"Hoping to receive a reply from you, I am yours very truly, (Signed) José Sabater, Attorney at law."

To this letter the following reply was written:

"Arecibo, August 28, 1922.
"Mr. José Sabater, Attorney at law, Mayagüez, P. R.

"I have just received in this city your letter of the 24th. In order to settle the matter with Vincenty I am willing to indemnify him as asked for in your letter.

"The beginning of the school term will keep me away from Mayagüez for several days engaged in distributing school supplies and I request you to allow me one month's time for making the payment. If not, wire me at once at the Baleares Hotel of this city and I shall endeavor to accommodate you sooner. (Signed) José A. Domínguez."

The plaintiff sent no telegram and the contract remained in force; but days went by and it seems that misunder-

standings arose, for the plaintiff contended that from the first the sum of $1,000 had been fixed as representing two-thirds of the cost of the work and the defendants claimed that it amounted only to $118.55.

Was the indemnity agreed upon at a certain sum? In our opinion it was not. It is possible that at the beginning of the negotiations something was said about the cost of reducing the roof, but there is no showing that the parties came to a definite agreement on a fixed sum.

Were the defendants justified in appraising the value of two-thirds of the work, arriving at the sum of $118.55 and insisting that the plaintiff should accept it? Certainly not.

Was the plaintiff justified in resorting to the courts if he could not reach a definite agreement with the defendants? He was; but not in bringing the action that he brought. He should have sued for performance of the contract, that is, that the defendants be adjudged to pay to him two-thirds of the cost of putting the roof in its proper place.

The fact that no fixed sum was determined and that no provision was made for ascertaining it in case of disagreement does not mean that the contract was not valid. The matter is easily settled by the appointment of appraisers by the court.

Such being the case, we are of the opinion that the judgment appealed from should be reversed and the complaint dismissed, without prejudice to the right of the plaintiff to sue for the performance of the contract, without special imposition of costs.

*Reversed.*

Justices Wolf, Aldrey, Hutchison and Franco Soto concurred.